UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AKU YAZID ABDALLAH,  :
formerly known as    :
EDWARD ANTHONY HART, :
                     :
       Petitioner    :  No. 4:CV-10-0054
                     :
    vs.              :  (Petition Filed 01/11/10)
                     :
WILLIAM SCISM,       :  (Judge Muir)
                     :
       Respondents   :

**MEMORANDUM AND ORDER**

January 29, 2010

Aku Yazid Abdallah, an inmate presently confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Abdallah challenges the validity of his conviction and sentence from the United States District Court for the Eastern District of Pennsylvania. Along with the filing of his petition, Abdallah filed an application to proceed in forma pauperis. (Doc. 2).

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule

1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**Background**

On June 5, 2003, Abdallah was convicted by a jury of the January 22, 1987 armed robbery of the PSFS branch located at 1632 Walnut Street, Philadelphia, Pennsylvania (the "PSFS branch")and the February 9, 1987 robbery of the First Pennsylvania Bank Branch located at 17th and JFK Boulevard, Philadelphia, Pennsylvania (the "First Pennsylvania Bank branch"), in violation of 18 U.S.C. §§ 2113(a) and (d). See United States v. Hart Crim. Action No. 2:02-cr-00823-JP-1(E.D. Pennsylvania 2003). On October 23, 2003, Abdallah was sentenced to a term of 214 months imprisonment, restitution in the amount of $18,390, and a $200 special assessment. Id.

On November 4, 2004, petitioner's judgment of conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit. United States v. Hart, 112 Fed. Appx. 855 (3d Cir. 2004).

On October 6, 2006, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. See United States v. Hart Crim. Action No. 2:02-cr-00823-JP-1(E.D. Pennsylvania 2003).

On April 28, 2008, petitioner's 2255 motion was denied. Id.

On January 11, 2010, Abdallah filed the instant petition for writ of habeas corpus, challenging his conviction pursuant to 28 U.S.C. § 2241. (Doc. 1). In his instant petition, Abdallah states the following ground for relief:

> The petitioner is held by Warden William Scism in flagrant violation of the Constitution's 5th Amendment and the federal repose limitation statute 18 U.S.C. § 3282, pursuant to a Judgement and Commitment that is being executed by means of a conviction that was obtained in violation and denial of the petitioner's vested right to a fair trial, as guaranteed by the 5th Amendment under the "Due Process Clause" and as protected by 18 U.S.C. § 3282.

Id.

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Abdallah clearly maintains that his federal conviction violates his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is

authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Lequillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966)

4

(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. <u>Reyes-Requena v. United States</u>, 243 F. 3d 893, 901 (5th Cir. 2001) (<u>citing</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)). Abdallah has not met this burden. Moreover, Abdallah does not state that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Abdallah would be granted permission by the Second Circuit to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Abdallah petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right petitioner may have to seek leave to file a second or successive § 2255 motion.

An appropriate Order accompanies this Memorandum Opinion.

/s/ Muir
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AKU YAZID ABDALLAH,  :
formerly known as    :
EDWARD ANTHONY HART, :
                     :
         Petitioner  :  No. 4:CV-10-0054
                     :
    vs.              :  (Petition Filed 01/11/10)
                     :
WILLIAM SCISM,       :  (Judge Muir)
                     :
         Respondents :

## ORDER

January 29, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's application to proceed <u>in forma pauperis</u> (Doc. 2) is **GRANTED** only for the purpose of filing the petition for writ of habeas corpus.

2. The petition for a writ of habeas corpus (Doc. 1, petition) is **DISMISSED** for lack of jurisdiction.

3. The Clerk of Court shall **CLOSE** this case.

/s/ Muir
_____
MUIR
United States District Judge